UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO LA FERRARA, MINA AMENDOLA, GINA HARDWICK AND SALVATORE PERSAMPIERI, | ECF CASE |
| Plaintiffs, | No.: _____ |
| v. | CLASS ACTION COMPLAINT |
| ITALIAN GOVERNMENT TRAVEL OFFICE, A/K/A ENTE NAZIONALE ITALIANO PER IL TURISMO, | JURY TRIAL DEMANDED |
| Defendant. | |

## INTRODUCTION

1.     Defendant Italian Government Travel Office, a/k/a Ente Nazionale Italiano Per Il Turismo ("Travel Office"), employed Plaintiffs Antonio La Ferrara, Mina Amendola, Gina Hardwick and Salvatore Persampieri as event coordinators for various time periods, during which it failed to pay them overtime premium pay for any hour they worked over forty in a week.

2.     Plaintiffs La Ferrara, Amendola, Hardwick and Persampieri assert unpaid overtime claims under the Fair Labor Standards Act against Defendant.

3.     Plaintiffs La Ferrara and Persampieri assert unpaid overtime claims under the New York Labor Law against Defendant.

## THE PARTIES

4.     Plaintiff La Ferrara is, at all relevant times, a resident of New York, New York.

5.     Plaintiff Amendola is, at all relevant times, a resident of Naperville, Illinois.

6.     Plaintiff Hardwick is, at all relevant times, a resident of Chicago, Illinois.

7. Plaintiff Persampieri is, at all relevant times, a resident of White Plains, New York.

8. Italian Government Travel Office is at all relevant times a corporation that is authorized to do business in the State of New York. Its principal office is located at 686 Park Avenue, 3rd Floor, New York, New York 10065.

JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

10. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendant's principal place of business is in this District and a substantial part of the events or omissions giving rise to the claims occurred in this district.

12. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

STATEMENT OF FACTS

13. Travel Office employed Plaintiffs during the following time periods: La Ferrara from 2012 to August 8, 2018; Amendola from prior to September 2015 to July 13, 2018; Hardwick from prior to September 2015 to July 13, 2018; and Persampieri from 2012 to July 13, 2018.

14. Travel Office employed all, but Plaintiff Persampieri, as event coordinators during these time periods.

15.     Travel Office employed Plaintiff Persampieri as a bookkeeper from 2012 to 2015 and then as an event coordinator from 2016 to July 13, 2018.

16.     Plaintiffs had the same duties and responsibilities as event coordinators, had the same level of supervision, and had the same level of discretion in performing their duties and responsibilities.

17.     As event coordinators, they were closely and strictly supervised by Caterina Orlando who works at the 686 Park Avenue, New York, New York office; and they had to follow strict guidelines.

18.     The strict guidelines specified what Plaintiffs were supposed to do on a day-to-day and weekly basis and how to do it.

19.     For any significant decision, they had to get Ms. Orlando's approval.

20.     As event coordinators, they communicated with local press and corresponded with local tour operators – all of which with the purpose of increasing tourism to Italy.

21.     Plaintiffs, for example, did not decide what promotional activities to participate in, nor did they decide who to invite to their promotional activities. At the promotional activities, their duties were limited to welcoming people as they enter, check them in and then give presentations that were prepared by someone else.

22.     They were not permitted to and did not use discretion or independent judgment in performing any significant duties.

23.     When performing his bookkeeping duties, while the actual work differed, the manner in which Plaintiff Persampieri performed the work remained the same: he followed strict guidelines and did not use discretion or independent judgment.

24.     As a bookkeeper, Plaintiff Persampieri had to follow strict guidelines and was not permitted to deviate from them. His duties included checking figures for mathematical accuracy, code documents in compliance with the set procedures, report discrepancies in records, and record information by complying with the Travel Office's policies.

25.     Plaintiff Persampieri is not a certified public accountant.

26.     Plaintiffs' duties required little skill and no capital investment, and their duties did not include any managerial responsibilities.

27.     Plaintiffs' regular work schedule was from 9:00 a.m. to 5:00 p.m., Monday to Friday.

28.     During their 8-hour shift, Plaintiffs rarely had uninterrupted meal breaks, totaling 40 hours per week under their regular work schedule.

29.     Plaintiffs frequently worked past their regular schedule when they attended work events after 5:00 p.m. and on the weekends, and when they worked on emails before and after their regular hours.

30.     Plaintiffs La Ferrara regularly worked 50 minutes each week on emails before and after her regular work schedule, bringing her hours worked per week to 40.83. On top of those 40.83 hours, she worked the following number of hours on work events that occurred after 5:00 p.m. or on the weekends: 68 hours in 2012; 116 hours in 2018; 84 hours in 2014; 68 hour sin 2015; 64 hours in 2016; 64 hours in 2017; and 48 hours in 2018.

31.     Plaintiff Amendola regularly worked 2.5 hours each week on emails before and after her regular work schedule, bringing her hours worked per week to 42.5. On top of those 42.5 hours, she worked the following number of hours on work events

that occurred after 5:00 p.m. or on the weekends: 29 hours in 2015; 128 hours in 2016; 141 hours in 2017; and 67.5 hours in 2018.

32.     Plaintiff Hardwick regularly worked 1.5 hours each week on emails before and after her regular work schedule, bringing her hours worked per week to 41.5. On top of those 41.5 hours, she worked the following number of hours on work events that occurred after 5:00 p.m. or on the weekends: 24 hours in 2015; 44 hours in 2016; 59 hours in 2017; and 30 hours in 2018.

33.     Plaintiff Persampieri regularly worked 1.0 hours each week on emails before and after his regular work schedule, bringing his hours worked per week to 41.0. On top of those 41.0 hours, he worked the following number of hours on work events that occurred after 5:00 p.m. or on the weekends: 232 hours in 2012; 280 hours in 2013; 204 hours in 2014; 188 hours in 2015; 42 hours in 2016; 51 hours in 2017; and 29 hours in 2018.

34.     Despite their duties and working these hours, Travel Office paid them a fixed monthly salary. It did not pay them overtime premium pay for any week they worked above 40 hours.

35.     Travel Office paid Plaintiff La Ferrara the following fixed monthly salaries: $5,167.85 in 2012; $5,276.36 in 2013; $5,534.63 in 2014; $5,767.68 in 2015; $5,774.14 in 2016; $6,054.71 in 2017; and $6,331.17 in 2018.

36.     Travel Office paid Plaintiff Amendola the following fixed monthly salaries: $6,422.94 in 2015; $6,430.97 in 2016; $6,905.44 in 2017; and $7,050.45 in 2018.

37. Travel Office paid Plaintiff Hardwick the following fixed monthly salaries: $5,624.07 in 2015; $5,850.72 in 2016; $5,923.02 in 2017; and $6,052.51 in 2018.

38. Travel Office paid Plaintiff Persampieri the following fixed monthly salaries: $3,780.59 in 2012; $3,905.35 in 2013; $4,256.21 in 2014; $4,324.31 in 2015; $4,372.45 in 2016; $4,723.67 in 2017; and $4,822.87 in 2018.

39. The salaries the Travel Office paid Plaintiffs was based on their 40-hour work schedule.

40. Travel Office paid Plaintiffs a fixed weekly salary incorrectly concluding they are exempt employees under the FLSA and Labor Law.

41. As the Travel Office did not provide Plaintiffs with an IRS Form W-2, it paid them a fixed weekly salary by also incorrectly concluding they are independent contractors.

42. Plaintiffs depended entirely on the Travel Office for work; they were not performing same or similar duties for another company or organization.

43. By misclassifying them as independent contractors, Plaintiffs were required to pay 15.3% of their wages on Social Security and Medicare taxes. Had they been properly classified as employees, they would have paid only 7.65%, with the Travel Office paying the rest.

FIRST CAUSE OF ACTION
UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

44. Plaintiffs La Ferrara, Amendola, Hardwick and Persampieri reallege every preceding allegation as if fully set forth herein.

45.    At all relevant times, Travel Office has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.    At all relevant times, Travel Office employed Plaintiffs within the meaning of the FLSA.

47.    Upon information and belief, at all relevant times, Travel Office has had gross annual revenues in excess of $500,000.00.

48.    At all relevant times, Travel Office has had a policy and practice of refusing to pay overtime compensation to Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

49.    Travel Office misclassified the Plaintiffs as exempt employees and independent contractors under the FLSA.

50.    As a result of its willful failure to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Travel Office has violated the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

51.    As a result of the its failure to record, report, credit and/or compensate Plaintiffs, Travel Office has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52.    Travel Office willfully violated the FLSA within the meaning of 29 U.S.C. § 255(a).

53.     Plaintiffs' FLSA claims are limited to the three years that immediately precede the filing of this Complaint.

54.     Plaintiffs Amendola and Hardwick are prepared to travel to this District for discovery and any necessary Court appearances.

55.     Due to the its FLSA violations, Plaintiffs are entitled to recover from the Travel Office their unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

<u>SECOND CAUSE OF ACTION</u>
UNPAID OVERTIME UNDER THE NEW YORK LABOR LAW

56.     Plaintiffs La Ferrara and Persampieri reallege every preceding allegation as if fully set forth herein.

57.     At all relevant times, Plaintiffs La Ferrara and Persampieri were employed by the Travel Office within the meaning of the New York Labor Law, §§ 2 and 651.

58.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, the Travel Office was required to pay Plaintiffs La Ferrara and Persampieri one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40).

59.     The Travel Office failed to pay Plaintiffs La Ferrara and Persampieri overtime premium pay for any hour they worked above forty in a week, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.2.

60.     Travel Office willfully violated Plaintiffs La Ferrara and Persampieri's rights by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, violating the New York Labor Law and its regulations.

61. Due to the its Labor Law violations, Plaintiffs La Ferrara and Persampieri are entitled to recover from Travel Office's their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs La Ferrara, Amendola, Hardwick and Persampieri respectfully requests this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

b. An injunction against the Travel Office and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation under the FLSA and the Labor Law;

d. An award of liquidated punitive damages as a result of the Travel Office's willful failure to pay overtime under 29 U.S.C. § 216 and the Labor Law;

e. Equitably tolling the statute of limitations under the FLSA;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions

of fact the Complaint raises.

Dated: New York, New York
January 29, 2019

LIPSKY LOWE LLP

<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky
Christopher H. Lowe
630 Third Avenue, Fifth Floor
New York, New York 10017-6705
212.392.4772
doug@lipskylowe.com
chris@lipskylowe.com